UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA HERNANDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>MIDPEN HOUSING CORPORATION, et al.,<br><br>    Defendants. | Case No. 13-cv-05983-NC<br><br>**DISCOVERY ORDER**<br><br>Dkt. No. 47 |

This order addresses numerous civil discovery disputes raised in a joint letter brief. Dkt. No. 47. In the interest of securing the "just, speedy, and inexpensive determination" of this action, the Court will not repeat the case history and the arguments presented by the parties. In sum, this is an employment dispute with eleven causes of action asserted by employee Hernandez against defendant employer MidPen. The fact discovery deadline is March 2, 2015; trial is set for October 5, 2015.

The Court now rules on the issues presented:

1. Extra time allowed for deposition of plaintiff Hernandez.

Unless otherwise stipulated or ordered, a deposition is limited to 1 day of 7 hours. Fed. R. Civ. P. 30(d). More time must be allowed if needed to "fairly examine" the deponent. *Id.* Here, the parties agree that up to 14 hours total may be needed for Hernandez's deposition, but disagree as to whether more than that may be needed.

The request to extend the deposition to 14 hours is granted. MidPen's request for more than 14 hours is denied for lack of good cause. If MidPen can later establish that even after 14 hours it could not "fairly examine" Hernandez, then it may move for further relief. The Court suspects that 14 hours will be sufficient.

2. Hernandez's earlier medical and employment records.

Based on the claims in this case and the deposition testimony by Hernandez, Dkt. No. 47 at 2-3, the Court finds that she has placed at issue her physical and medical health.

13-cv-05983-NC

Accordingly, the Court finds that the medical and employment records sought are relevant. Hernandez's privacy concerns are addressed in two ways. First, the Court limits the time period for production, to January 1, 2009, to present, rather than back to December 2004. Second, the records will be produced subject to a protective order that will govern their use and distribution. That protective order must be submitted within 7 days of this order.

3. All emails sent to and from plaintiff during her employment.

While the Court is persuaded that some emails to and from Hernandez during her employment would be relevant, the Court is not convinced that every email is relevant. The parties are ordered to meet and confer within the next 7 days and to submit a proposed methodology, such as search terms, that will reduce the scope and burden of this request.

4. Debra Sobeck performance reviews for 2012 and 2013.

Sobeck was Hernandez's manager at MidPen during the relevant time period. The Court finds that the records requested are relevant. Sobeck's privacy interests may be addressed through the same protective order that will be entered for Hernandez's records. Plaintiff's request for the Sobeck records is therefore granted.

**IT IS SO ORDERED.**

Dated: January 27, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge